UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ACTIVERAIN CORP., | ) | NO. CV 07-5037-DDP(CTx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER: (1) GRANTING PLAINTIFF'S |
| v. | ) | MOTION TO COMPEL CONCERNING |
| | ) | DEFENDANT'S PRIVILEGE LOGS; (2) |
| | ) | GRANTING IN PART AND DENYING IN PART |
| MOVE, INC., | ) | DEFENDANT'S MOTION TO COMPEL FURTHER |
| | ) | RESPONSES TO TRADE SECRET DISCOVERY, |
| | ) | AND (3) TAKING DECEMBER 29, 2008, |
| Defendant. | ) | HEARING OFF CALENDAR |
| _____ | ) | |

This action is set for trial before the Honorable Dean D. Pregerson, United States District Judge.  Trial is scheduled to commence on March 3, 2009, and the discovery cutoff is January 5, 2009.  This is the date by which discovery **must be completed**.

## BACKGROUND

Plaintiff ActiveRain, Corp. ("plaintiff") provides a free social network, or "online" blogging community or platform, for real estate agents and other real estate professionals.  According to the first amended complaint, in November 2006, defendant Move, Inc. ("defendant") approached plaintiff about a potential financing or purchase of plaintiff by defendant.  The parties entered into a mutual nondisclosure agreement to allow defendant to conduct due diligence in connection with

the acquisition.   During the due diligence period, plaintiff alleges that it disclosed trade secrets to defendant.   Ultimately, defendant cancelled the deal.   Plaintiff alleges that defendant used confidential information obtained during the parties' discussions concerning the potential acquisition to launch its own real estate social network and blogging community "virtually identical" to that of plaintiff.   (FAC ¶ 31).   Plaintiff alleges claims for relief for misappropriation of trade secrets in violation of the California Uniform Trade Secrets Act, Cal.Civ.Code § 3426.1 et seq., breach of contract, unjust enrichment, and other claims under state law, and seeks money damages and injunctive relief.

### THE CURRENT DISCOVERY DISPUTE

Plaintiff seeks to compel defendant to provide supplemental and more specific privilege logs.   By a separate motion, defendant seeks to compel plaintiff to provide supplemental responses to interrogatories and to requests for production.[1]

The following issues are currently in dispute:

- Whether defendant must serve supplemental privilege logs because its current privilege logs are inadequate;

- Whether plaintiff must provide further responses to defendant's interrogatories in addition to supplemental responses that plaintiff has already provided;

- Whether plaintiff must calculate and produce individual valuations of its trade secrets given that it does not intend to adduce

---

[1] The joint stipulation regarding plaintiff's motion to compel concerning defendant's privilege logs shall be referred to as "JS-1".   The joint stipulation regarding defendant's motion to compel further responses to trade secret discovery shall be referred to as "JS-2".

1    evidence of the value of each specific trade secret at trial;

2  •  Whether plaintiff must identify changes it has made to its alleged

3    trade secrets after November 16, 2007.

4                              **DISCUSSION**

5    Local Rule 37 requires that parties meet and confer in a good faith

6  attempt to resolve discovery disputes and eliminate as many disputes as

7  possible before resorting to court intervention, and specifies the

8  manner in which such conference it to occur.  This contemplates that the

9  parties will bring only truly disputed issues to the court's attention.

10 It appears that the parties are unwilling or unable to work in good

11 faith to resolve their discovery disputes, or to bring them to the court

12 in the focused manner required by the subparts of Local Rule 37.

13 Indeed, both parties have provided supplemental responses that are not

14 addressed in the joint stipulations, which results in their briefing

15 issues that have already been resolved, and in other instances the

16 parties' arguments pass like ships in the night.  The result is an

17 excessive use of court resources and needless expense to counsel's

18 clients.  The parties are cautioned that further failure to fully comply

19 with Local Rule 37 may result in sanctions, including denial of a

20 motion.

21 **A.   Plaintiff's Motion To Compel Supplemental Privilege Logs ("JS-1")**

22    Plaintiff seeks to compel defendant to supplement its privilege

23 logs to add bates numbers; to identify which documents listed were

24 withheld or produced with redactions; to specify which individuals

25 listed on the logs are attorneys; and to list the actual authors of

26 documents, rather than merely listing entities as authors.  These

27 requests are reasonable.

28    Privileged documents are exempt from disclosure.  Fed.R.Civ.Proc.

26(b)(1).   However, a party withholding a document on a claim of privilege must "describe the nature of the documents . . . not produced or disclosed . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Fed.R.Civ.Proc. 26 (b)(5)(A)(ii).  A privilege log is the most common way to satisfy this rule.

Defendant is correct that Rule 26 does not specify what information a party must list on its privilege log.   However, it must lay out sufficient information to enable other parties and the court, if necessary, to evaluate the claim of protection while minimizing the need for _in camera_ review.   Fed.R.Civ.P. 26(b)(5), advisory committee notes to 1993 amendments.

In order to allow the opposing party to adequately evaluate a claim of privilege or other protection, a privilege log should contain at least the following information about a document withheld or redacted on those grounds:

a.   the identity and position of its author;

b.   the identity and position of the recipient(s);

c.   the date it was prepared or written;

d.   the title and description of the document;

e.   the subject matter addressed;

f.   the purposes for which it was prepared or communicated;

g.   the document's present location;

h.   the specific privilege or other reason it is being withheld; and,

i.   whether the document has been redacted and partial production made.

See Fed.R.Civ.P. 26(b)(5).

Defendant's logs are broken into five columns: author, recipient, date, subject, and privilege (either "attorney client" or "attorney work product"). (See JS-1, Exs. A and B). The list is not numbered, nor does it include the bates numbers or ranges of the documents it comprises. Plaintiff contends that more than 116,000 pages of documents have been produced in this matter to date and that, because the log does not include bates ranges, it cannot easily identify which entries relate to what redacted documents. (JS-1, at 4, fn. 2). Moreover, plaintiff complains that defendant has not identified which individuals listed on the logs are attorneys, the names and positions of the authors or recipients for each withheld document, and has identified only the company name in many cases. It appears that on December 2, 2008, defendant provided plaintiff with a list of the attorneys referred to on the logs. (JS-1, Declaration of Elizabeth Givens in Support of Motion, Ex. A). With respect to the remaining information, the court finds defendant must include this basic identifying information on its logs.

It is unreasonable for defendant to shift the burden of establishing which documents are privileged on what basis onto plaintiff and this court. Accordingly defendant should be required to supplement its privilege log as ordered below.

**B.  Defendant's Motion to Compel ("JS-2")**

   **1.  Contention Interrogatories**

In its interrogatories 31, 32, and 33, defendant asks plaintiff to "state all facts" supporting several of its allegations.[2] Defendant contends it is compelled to seek this order because plaintiff has

---

[2] The complete text of these interrogatories is set forth in the appendix to this order.

refused to respond to these interrogatories and has interposed only broad boilerplate objections.[3]

Defendant is correct that this type of "contention interrogatory" is a permissible form of discovery. O'Connor v. Boeing North American, Inc., 185 F.R.D. 272, 281 (C.D.Cal. 1999) (requiring an answer to contention interrogatories is "`[c]onsistent with Rule 11 of the Federal Rules of Civil Procedure, [which requires that] plaintiffs must have some factual basis for the allegations in their complaint....'") (quoting In re One Bancorp Securities Litigation, 134 F.R.D. 4, 8 (D.Me. 1991).

However, on December 1, 2008, plaintiff served supplemental responses that state specific facts in support of the contentions about which defendant asks, subject to only a few narrow objections. Defendant does not directly challenge plaintiff's supplemental responses or the specific objections made there.

Accordingly, defendant's challenge to plaintiff's original responses and not plaintiff's supplemental responses, which are now the responses at issue, is not properly before the court and for that reason, the motion should be denied without prejudice. In any event, plaintiff's responses provide detailed facts supporting their objections and defendants fail to state why these responses are inadequate.

## 2.   Interrogatories Regarding Damages

In interrogatories 30 and 34 defendant essentially asks plaintiff to state the value of "each trade secret" it alleges was

---

[3] These objections included: expert opinion, legal conclusion, attorney-client privilege, work product privilege, undue burden, and the contention that the information is in defendant's possession. (See, e.g., JS-2 at 12, 21).

1  misappropriated.[4]

2     Plaintiff has provided supplemental responses to these
3  interrogatories that do not state a specific value "for each trade
4  secret." Instead, plaintiff essentially states that it does not intend
5  to place a specific dollar value on each trade secret but will establish
6  damages resulting from defendant's misappropriation of its trade secrets
7  in the aggregate. (JS-2 at 24, 26). Defendant claims aggregate proof is
8  insufficient to support plaintiff's burden at trial. This may or may
9  not be true, but plaintiff's obligation in discovery is to respond to
10 the interrogatory fully, and if plaintiff has not individually valued
11 its trade secrets it is not required to create or provide such a
12 valuation for defendant in a discovery response. However, plaintiff
13 will be bound by the responses it gives. See, e.g., Fed.R.Civ.P.
14 33(c)("An answer to an interrogatory may be used to the extent allowed
15 by the Federal Rules of Evidence"). Whether plaintiff's evidence is
16 sufficient to meet its burden of proof at trial is another matter.

17     However, to the extent that plaintiff has valued its trade secrets
18 at issue either individually or in the aggregate, plaintiff should
19 provide further responses setting forth that information in a
20 supplemental response to these interrogatories. The fact that plaintiff
21 is also producing this information as part of its expert discovery
22 (which was due on December 10, 2008), is not a sufficient reason to
23 refuse to respond. To the extent it possesses relevant information, it
24 must respond to this interrogatory. See Fed.R.Civ.P. 33(b)(3) (each
25 interrogatory must be answered separately and fully).

26

27 _____

      [4] The complete text of defendant's interrogatory nos. 30 and
28 34 are set out in the appendix to this order.

1     **3.**    **Discovery regarding changes to plaintiff's trade secrets**

2     In its interrogatories 13 to 29[5] and in its requests for production

3 44, and 46 to 63,[6] defendant asks plaintiff to identify any changes it

4 made to its alleged trade secrets from May 1, 2007, to the present, and

5 to produce documents that relate to the alleged trade secrets.

6 Defendant essentially contends that evidence of changes to plaintiff's

7 trade secrets could show that the original information is no longer a

8 valuable trade secret whose use may legitimately be enjoined.

9     Plaintiff contends that it has produced documents from which this

10 information may be derived created between May 1, 2007, and November 16,

11 2007, but has refused to disclose information created after that date on

12 three grounds, that: (1) the information is not relevant; (2) the

13 request is overly broad and would impose an undue burden; and, (3) the

14 requests require disclosure of "the most sensitive business or market

15 competitive information imaginable."

16     In general, the parties may obtain discovery regarding any non-

17 privileged matter relevant to the claim or defense of any party involved

18 in the pending action.  Fed.R.Civ.P. 26(b)(1). The information sought

19 need not be admissible at trial if it appears reasonably calculated to

20 lead to the discovery of admissible evidence. Id.

21     Rule 26(b)(1) was amended in 2000 to limit discovery, absent a

22 showing of good cause, to matter relevant to the claims or defenses of

23 ─────────────────────

24     [5] The complete text of each of these interrogatories is
virtually identical except with respect to the purported trade

25 secret identified.  The complete text of interrogatory 13 is set
out in the appendix of this order as an example.

26

27     [6] The complete text of each of these requests for production
is virtually identical except with respect to the purported trade
secret identified.  The complete text of request for production

28 44 is set out in the appendix of this order as an example.

the parties, rather than the "subject matter" of the action.  See Elvig
v. Calvin Presbyterian Church, 375 F.3d 951, 968 (9th Cir. 2004) ("Under
Rule 26(b)(1). . . discovery must now relate more directly to a `claim
or defense' than it did previously").   "The amendment is designed to
involve the court more actively in regulating the breadth of sweeping or
contentious discovery."   Fed.R.Civ.P. 26(b)(1), advisory committee's
note to the 2000 amendments.   "The rule change signals to the court that
it has the authority to confine discovery to the claims and defenses
asserted in the pleadings, and signals to the parties that they have no
entitlement to discovery to develop new claims or defenses that are not
already identified in the pleadings."   Id.   Relevance is still broadly
construed, however, and a request for discovery should be considered
relevant if there is any possibility that the information sought may be
relevant to the claim or defense of any party.   City of Rialto v. U.S.
 Dept. Of Defense, 492 F.Supp.2d 1193, 1202 (C.D. Cal. 2007) (citing
Pitney Bowes, Inc. v. Kern Int'l, Inc., 239 F.R.D. 62, 65 (D.Conn.
2006)).

    Defendant has explained with particularity how the information
sought with these requests is relevant to its defense of this action.
The court finds that production of documents created after November 16,
2007, would not be particularly burdensome.   Plaintiff appears to have
produced responsive documents created prior to that date and, indeed,
has agreed that it will produce these documents if it can do so on an
attorneys' eyes only and third-party expert's eyes only basis.   (See,
e.g., JS-2 at 32).

    Furthermore, there is no absolute privilege for trade secret
information.  See Fed.R.Civ.P. 26(c).   Confidential material should be

9

narrowly and specifically defined and supported by good cause for purposes of a protective order sought from the court. See Fed.R.Civ.P. 26(c); Foltz v. State Farm Mutual Automobile Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003) ("[a] party asserting good cause bears the burden, *for each particular document* it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted") (citations omitted) (emphasis added); see also Seattle Times v. Rhinehart, 467 U.S. 20, 37 (1984)(protective order does not offend the first amendment where it is "*entered on a showing of good cause as required by Rule 26(c)*, is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources")(emphasis added).

It is not enough, as plaintiff has done here, to contend that the information sought in general "is the most sensitive business or competitive market information imaginable," and that it should be protected on the basis that the "evidence will show" defendant misused this type of information in the past. (e.g., JS-2 at 31).

However, as with the other "disputes" raised in these motions, it appears the parties rushed to court on this issue without making an adequate effort to meet and confer. Plaintiff contends in its supplemental memorandum that it has already responded to these requests under a stipulated protective agreement, as it apparently had offered to do before this motion was ever filed. (Plaintiff's Supplemental Memorandum at 1; and see JS-2 at 32). Whether or not this characterization is accurate, both parties appear willing to stipulate to some sort of protection for information and documents produced in discovery. Defendant has suggested that there is already "an agreement

regarding a protective order protecting all documents produced in this litigation." (See, e.g., JS-2 at 48; (See, e.g., JS-2 at 32). Indeed, it appears that defendant agreed to plaintiff's producing these specific documents on the limited basis proposed by plaintiff contingent only upon plaintiff's agreeing that defendant's production could be made on the same terms. (Plaintiff's Supplemental Memorandum, Ex. B; JS-2, Declaration of Leslie J. Hagin in Opposition to Defendant's Motion to Compel, ¶5).

The court therefore finds that, to the extent they have not already done so, the parties should continue their efforts to resolve this dispute in good faith in order to enable production of documents forthwith.

### ORDER

The magistrate judge has carefully considered the documents filed in support of and in opposition to the motions.

1.   Plaintiff's motion to compel supplemental privilege logs is **GRANTED**.

2.   Defendant's motion is **GRANTED IN PART** as follows, see Fed.R.Civ.P. 33(b)(3), and otherwise **DENIED**:

(a)   Plaintiff shall provide further responses to defendant's interrogatories 30 and 34 to the extent that plaintiff has individually valued its trade secrets and with respect to its valuation in the aggregate;

(b)   To the extent they have not already done so, plaintiff and defendant shall forthwith meet in a good faith effort to stipulate to an agreement between themselves for production and protection of documents and information responsive to defendant's interrogatories 13 to 29 and

1   requests for production 44, and 46 to 63; and, assuming they can come to
2   an agreed upon means of protection (since it is represented in
3   plaintiff's supplemental memorandum that they have done so), plaintiff
4   shall produce responsive information subject to that stipulated
5   agreement. To the extent the requested information and documents have
6   already been produced, plaintiff need not do so again.
7   3.    The magistrate judge will not change a district judge's scheduling
8   order.  Any request to change a scheduling order set by the district
9   judge must be made to the district judge.  Such a request should be
10  captioned, "Request To Change The District Judge's Scheduling Order."
11        In the unlikely event that the parties cannot agree to a
12  satisfactory means of production for the information and documents
13  responsive to defendant's interrogatories 13 to 29 and requests for
14  production 44, and 46 to 63 and the district judge continues the
15  discovery cutoff, the parties are cautioned as follows.  If they should
16  seek a protective order from the magistrate judge, stipulated or
17  otherwise, the parties should identify the specific documents,
18  categories of documents, or portions of documents, to be deemed
19  confidential in a meaningful fashion (e.g., "blueprints," "customer
20  lists," or "market surveys") and must show what prejudice or harm will
21  result if no protection is granted for those particular documents or
22  information.  It is not sufficient to use conclusory terms, such as
23  "confidential business and financial information" or "trade secrets."
24        Further, any proposed order sought from the magistrate judge should
25  not include any language that restricts or otherwise limits the use of
26  confidential information at any proceeding before the district judge
27  without first seeking an order from the district judge assigned to the
28

1  case.  In general, once a case proceeds to non-discovery motions, trial
2  or any appearance before the district judge, all of the information that
3  was designated as confidential and/or kept and maintained pursuant to
4  the terms of a protective order becomes public and will be presumptively
5  available to the public unless good cause is shown to the district judge
6  in advance of the proceeding.

7      In proposing or agreeing to the protection of "trade secrets," the
8  definition for that terms in California Civil Code § 3426.1 should be
9  incorporated into the protective order, either by reference or by
10  quotation.

11  4.   To the extent that there are any ambiguities between language in
12       the body of the memorandum and the order, the order controls.
13  5.   To the extent that the parties subsequently agree to a mode of
14       discovery that is different from that ordered herein, the parties
15       may modify this order by agreement in writing.

16      Either side may file a motion for review and reconsideration with
17  the district judge within ten court days of service of this order.  <u>See</u>
18  Local Rule 72-2.1; Fed.R.Civ.P. 6(a).  This order is stayed if such a
19  motion is filed until further order of the district judge. **If no such**
20  **motion is made, the ordered further responses SHALL be served prior to**
21  **the discovery cutoff date, if that date is not extended by order of the**
22  **district judge, and in no event later than fifteen days of this order.**
23  **The hearing previously set for December 29, 2008, is taken off calendar.**

24

25  DATED: Dec. 16, 2008

26

27                                    CAROLYN TURCHIN
                                      UNITED STATES MAGISTRATE JUDGE
28

                                      13

```
 1 ‖  cc:   Judge Pregerson

 2            Howard Weitzman, Esq.
             Jonathan P. Steinsapir, Esq.
 3            Kinsella Weitzman Iser Kump and Aldisert
             808 Wilshire Boulevard, 3rd Floor
 4            Santa Monica, CA 90401

 5            Jerry R. McNaul, Esq.
             Leslie J. Hagin, Esq.
 6            McNaul Ebel Nawrot and Helgren
             600 University Street, Suite 2700
 7            Seattle, WA 98101-3134

 8            Michael G. King, Esq.
             Thomas H. Case, Esq.
 9            Elizabeth Givens, Esq.
             Hennelly and Grossfeld
10            4640 Admiralty Way, Suite 850
             Marina Del Rey, CA 90272
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

<b><u>APPENDIX</u></b>

**<u>CONTENTION INTERROGATORIES IN DISPUTE</u>:**

**<u>INTERROGATORY NO. 31</u>:**

For each trade secret you allege was misappropriated, state all facts supporting your claim of misappropriation, including how Move used that secret.

**<u>INTERROGATORY NO. 32</u>:**

For each trade secret you allege was misappropriated, state all facts supporting your claim that ActiveRain took reasonable steps to keep it secret.

**<u>INTERROGATORY NO. 33</u>:**

For each trade secret you allege was misappropriated, state all facts supporting your claim that economic value was derived from the fact this (sic) it was allegedly secret.

**<u>DAMAGES INTERROGATORIES IN DISPUTE</u>:**

**<u>INTERROGATORY NO. 30</u>:**

For each trade secret you allege was misappropriated, state its value at the time it was appropriated.

**<u>INTERROGATORY NO. 34</u>:**

For each trade secret you allege was misappropriated, state the damages you allege that ActiveRain suffered because of alleged misappropriation of that trade secret.

**<u>EXAMPLES OF DISCOVERY REGARDING CHANGES TO TRADE SECRETS</u>:**

**<u>INTERROGATORY NO. 13</u>:**

IDENTIFY (by date and specific changes made) any changes to ActiveRain's revenue models, including but not limited to how to maximize advertising revenue from May 1, 2007 to the present.

**<u>REQUEST FOR PRODUCTION 44</u>:**

All WRITINGS, RECORDINGS, AND PHOTOGRAPHS (within the meaning of Federal Rule of Evidence 1001), from May 1, 2007 to the present, evidencing or reflecting ActiveRain's revenue models, including but not limited to maximizing advertising revenue.

15